IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRYCE FRANKLIN,

    Petitioner,

vs.                                                                     2:23-cv-00699-MIS-LF

RONALD MARTINEZ,
Warden, et al.,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on inmate Bryce Franklin's pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, filed August 4, 2023. Doc. 1 at 7. I construed Mr. Franklin's petition as a 28 U.S.C. § 2241 petition challenging his sentence's execution and ordered respondents Warden Ronald Martinez and the New Mexico Attorney General to file an answer, *see* Doc. 3, which respondents filed on March 3, 2024, *see* Doc. 9. Mr. Franklin did not file a reply.

District Judge Margaret Strickland referred this case to me under 28 U.S.C. §§ 636(b)(1)(B) and (b)(3) to conduct hearings, if warranted, and to perform any legal analysis required to recommend to the Court this case's ultimate disposition. Doc. 4.

Having reviewed the parties' submissions and the relevant law, I recommend that the Court (1) dismiss Mr. Franklin's § 2241 petition for lack of subject-matter jurisdiction without prejudice to his ability to refile his due process claim in a civil rights action under 42 U.S.C. § 1983 and (2) hold that Mr. Franklin is not entitled to a certificate of appealability.

**BACKGROUND**

Mr. Franklin currently is serving a life sentence in the New Mexico state prison system for first-degree murder and related offenses. *See* New Mexico Offender Search, https://www.cd.nm.gov/offender-search/ (last accessed Nov. 8, 2024); *State v. Franklin*, S-1-SC-35577, dec. ¶ 1 (N.M. Oct. 19, 2017) (nonprecedential). Mr. Franklin does not challenge his underlying state convictions in this case; he challenges only a prison disciplinary infraction that he received while incarcerated at the Lea County Correctional Facility for fighting with another inmate. *See* Doc. 1 at 1.

Specifically, on March 31, 2022, corrections officer Sergeant T. Perry saw Mr. Franklin and another inmate "punching each other" with "closed fist[s]" in the prison's recreation yard. Doc. 9-1 at 8. Assistant Warden David Brown also saw Mr. Franklin and the other inmate "grabbing each other and throwing punches." *Id.* at 9. Prison officials therefore charged Mr. Franklin, who already had a lengthy history of prison discipline, with fighting, and they scheduled an evidentiary hearing before a disciplinary officer for April 7, 2022. *Id.* at 6, 10–11.

At the hearing, Mr. Franklin affirmed in writing that he understood the charge against him; his right to remain silent; his right to call witnesses and put on evidence; and his right to appeal to a deputy warden. *Id.* at 2–5. Contesting the accusations, Mr. Franklin argued: "I was attacked, it was not a fight. I put the video footage on the record because this was not a fight." *Id.* at 2. Mr. Franklin did not call any witnesses at the hearing. *Id.*

The disciplinary officer found Mr. Franklin guilty of fighting on April 11, 2022, holding that (1) the "[p]reponderance of evidence was satisfied" because "two staff witnesses" (Sergeant Perry and Assistant Warden Brown) observed Mr. Franklin "fighting" with another inmate in the "North recreation yard" and (2) the "video footage was reviewed and deemed inconclusive due

to the angle of the camera." *Id.* The officer sanctioned Mr. Franklin with 60 days' loss of commissary and telephone privileges and time served for 63 days of prehearing detention in a restrictive-housing unit. *Id.* at 1, 13, 55–56. There is no indication in the record that Mr. Franklin lost good time credits as part of his sanction—stated differently, there is no indication that the sanction increased the duration of Mr. Franklin's sentence, and Mr. Franklin does not contend otherwise. *See id.*

On April 14, 2022, Mr. Franklin appealed the disciplinary officer's decision to the prison's warden, "disput[ing]" that the "video footage was reviewed" by the disciplinary officer. *Id.* at 15. Without citing specific evidence, he asserted:

> Before the hearing started, [I] requested the hearing officer get the video footage from the date and time of [the] incident. She refused. She stated inmates have no right to review video footage [a]nd she had no obligation to review it. If staff wanted it reviewed, it would be part of the disciplinary packet. The video would have shown it was no fight.

*Id.* at 16. The warden upheld the disciplinary officer's decision on April 15, 2022, stating in relevant part:

> After a thorough review of the misconduct report process[,] I have determined that there is substantial compliance with disciplinary procedures, there is sufficient evidence supporting the findings, sanctions are within policy guidelines, and no new evidence or witnesses changed the decision. Camera angle is inconclusive. Inmate has a long disciplinary history and is capable of defending himself.

*Id.* at 13.

Mr. Franklin appealed the warden's decision to the Corrections Department Secretary on April 21, 2022, again asserting that the "[v]ideo footage was not reviewed" by the disciplinary officer. *Id.* at 18. The Secretary affirmed the warden's decision on July 6, 2022, finding:

> Disciplinary policy was followed. As per the CD-090100 guidelines, the cameras primarily serve a security function and are not intended for use during administrative hearings. While you retain the right to review submitted evidence, allowing an inmate to view camera footage would compromise security protocols.

3

> Consequently, access to camera evidence is restricted.  For these reasons, the cameras will not be reviewed.
>
> Decision was based on evidence, which is the misconduct report written by Sgt. T. Perry.  Sgt. Perry personally witnessed the altercation as it took place.

*Id.* at 17.

Mr. Franklin then filed a pro se habeas petition under New Mexico state law in the Doña Ana County District Court on July 8, 2022, arguing that prison officials "denied him due process because the hearing officer refused to review exculpatory video footage."[1]  *Id.* at 22.  Again, without citing specific evidence, he contended that, "[a]fter the hearing and off the record, the hearing officer stated she had no obligation to review the video footage based on the staff witness statements."  *Id.* at 28–29.  Mr. Franklin "concede[d] that the disciplinary summary of proceedings claims [that the disciplinary officer] reviewed the video footage and that it was inconclusive."  *Id.* at 29.  But he "squarely dispute[d] this claim" because, he alleged, the camera at issue "point[ed] directly at the incident in question," and the hearing officer "openly admitted to refusing to review video footage and fabricating paperwork" in "previous hearings."  *Id.*  The court summarily dismissed Mr. Franklin's habeas petition on August 30, 2022, holding that Mr. Franklin was "provided all required due process during his disciplinary proceeding" and that his fighting infraction was "supported by sufficient evidence."  *Id.* at 56.

Challenging the trial court's order, Mr. Franklin petitioned the New Mexico Supreme Court for a writ of certiorari under Rule 12-501 NMRA on November 14, 2022, arguing again that the disciplinary officer "refused" to review the video footage.  *Id.* at 63–64.  The court

---

[1] Mr. Franklin also contended in his state habeas petition that his sanction for fighting violated the Eighth Amendment's prohibition on cruel and unusual punishment, *see* Doc. 9-1 at 30–32, but because he abandoned this Eighth Amendment claim in his § 2241 petition, I do not address it, *see* Doc. 1 at 2 (asserting only a "Due Process" claim).

4

denied the petition through a summary order issued January 18, 2023. *Id.* at 126.[2] Mr. Franklin did not seek review in the United States Supreme Court.

Mr. Franklin then filed the present habeas petition in this Court by mail on August 4, 2023, which the Court received and docketed on August 21, 2023. Doc. 1. Mr. Franklin challenges only his "fighting" violation, alleging that a "review of the video footage would have shown an unwilling participant to a group assault[,] not a mutual willing fight," and that the disciplinary officer's "[r]efusal" to review the footage denied him due process. *Id.* at 2. I construed Mr. Franklin's petition as a 28 U.S.C. § 2241 petition because it "attack[ed] the execution of a sentence, including prison disciplinary matters," and ordered respondents to answer. Doc. 3 at 1 (internal quotation marks omitted). Respondents answered on March 3, 2024, arguing that Mr. Franklin's petition should be denied (1) on jurisdictional grounds because Mr. Franklin challenges only the conditions of his confinement and (2) on the merits in the alternative because he fails to demonstrate a due process violation. *See* Doc. 9 at 1, 6–12. Mr. Franklin did not file a reply.

## ANALYSIS

As discussed below, I find that the Court lacks subject-matter jurisdiction over Mr. Franklin's § 2241 petition because Mr. Franklin challenges only the conditions of his confinement. I therefore do not address the merits of his due process claim.

---

[2] Mr. Franklin filed a second certiorari petition with the New Mexico Supreme Court on December 16, 2022, raising substantially the same arguments. Doc. 9-1 at 79. The court denied that petition as well through a summary order. *Id.* at 133.

I.   **The Court Lacks Jurisdiction Over Mr. Franklin's § 2241 Petition.**

Federal district courts have an "independent duty" to ensure their subject-matter jurisdiction in habeas cases brought under § 2241.  *Palma-Salazar v. Davis*, 677 F.3d 1031, 1038 & n.3 (10th Cir. 2012).  One jurisdictional prerequisite is that a habeas petitioner must challenge the "fact of his [underlying] conviction or the duration of his sentence." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *see Palma-Salazar*, 677 F.3d at 1035–36 ("In this circuit, a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus.").  "In contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action" filed, for example, under 42 U.S.C. § 1983.  *Palma-Salazar*, 677 F.3d at 1035–36; *see Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) ("It is well-settled law that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits," "not through federal habeas proceedings.").

Due process challenges to prison "disciplinary sanction[s]" that "[do] not impact the duration of [a petitioner's] sentence" are challenges to "quintessential conditions of confinement" that cannot be brought in a habeas action and are cognizable only under civil rights law.  *Buhl v. Berkebile*, 612 F. App'x 539, 540–41 (10th Cir. 2015) (unpublished).  *Buhl* is instructive in this regard.  There, a prisoner filed a § 2241 petition raising a due process challenge to a prison disciplinary sanction involving only "segregation and the loss of telephone and commissary privileges for sixty days." *Id.* at 540.  "Importantly, the disciplinary sanction did not include a loss of good time credits." *Id.*  The Tenth Circuit panel thus held that, because the sanction "did not implicate [the prisoner's] good time credits or otherwise impact the

6

duration of his sentence," "§ 2241 [was] not the appropriate vehicle" to challenge the sanction, and the court "lack[ed] jurisdiction" to hear the case. *Id.*

Here, Mr. Franklin likewise challenges only "quintessential conditions of [his] confinement"—not the fact or duration of his confinement, as habeas law requires. *Id.* at 541. Like the sanction at issue in *Buhl*, Mr. Franklin's disciplinary sanction for fighting involved only "segregation and the loss of telephone and commissary privileges for sixty days," and there is no indication that the sanction "include[d] a loss of good time credits" or otherwise impacted the duration of Mr. Franklin's sentence in any way. *Id.* at 540–41; *see* Doc. 9-1 at 1, 13, 55–56. As such, the Court lacks subject-matter jurisdiction to reach the merits of Mr. Franklin's § 2241 petition. *See Palma-Salazar*, 677 F.3d at 1038 (holding that the district court "lacked jurisdiction under 28 U.S.C. § 2241 to consider" a petition challenging only "conditions of . . . confinement"); *Buhl*, 612 F. App'x at 540 ("[W]hen a prisoner seeks to challenge the conditions of his confinement via § 2241, we lack jurisdiction to consider his claim."). I therefore recommend that the Court deny Mr. Franklin's § 2241 petition on this jurisdictional ground, without prejudice to his ability to bring a separate civil rights action filed under 42 U.S.C. § 1983 reasserting his due process claim. *See Ogden v. New Mexico Att'y Gen*, No. 23-cv-00245-JB-JHR, 2024 WL 246422, at *3 (D.N.M. Jan. 23, 2024) ("If Ogden wishes to pursue claims [challenging the conditions of his confinement] under § 1983, he may commence a separate civil rights case by filing a § 1983 complaint and addressing the civil filing fee."); *see also, e.g.*, *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) (holding that "dismissals for lack of jurisdiction should be without prejudice").

**II.     Mr. Franklin is Not Entitled to a Certificate of Appealability.**

No appeal may be taken from a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the petitioner first obtains a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); *see Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding that § 2253(c)(1)(A) applies when a state habeas petitioner proceeds under § 2241). The Court may issue a certificate of appealability only if Mr. Franklin makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As discussed above, Mr. Franklin did not make the requisite showing. I therefore recommend that the Court deny him a certificate of appealability.

## CONCLUSION

I recommend that the Court (1) dismiss Mr. Franklin's § 2241 petition for lack of subject-matter jurisdiction without prejudice to his ability to refile his due process claim in a civil rights action under 42 U.S.C. § 1983 and (2) hold that Mr. Franklin is not entitled to a certificate of appealability.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific. *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court. *Id.* In other words, if no objections are filed, no appellate review will be allowed.

_____
Laura Fashing
United States Magistrate Judge